Appellate. Mr. Becker for the Appellate and Ms. Herron for the Appellate. Judge Tatel, members of the panel, good morning. I'm Robert Becker and I represent James Powers in this appeal. May it please the Court. In the mine run of asbestos cases, this was a short duration. It had relatively few employees and a small amount of asbestos. But because Mr. Powers' lawyer failed to marshal readily available evidence of sentencing nationwide, Mr. Powers got one of the longest sentences imposed in a 7413C1 case in a decade. Although the trial judge acknowledged that she had a duty to avoid sentencing disparities, Mr. Powers' lawyer gave her precious little evidence to believe that she was imposing a disparate sentence. But that's not the only problem for Mr. Powers. If counsel had looked at the cases that we have marshaled in the appendix, he would have realized that his sentencing strategy was defective. Because, according to the Sentencing Commission, although Clean Air Act cases are environmental cases, Judge Tatel? Would you start with the government's argument that he's waived this with the provision in the sentencing? There are three reasons we believe he did not waive the appeal. First, counsel was ineffective on multiple levels. Second, the judge in the plea colloquy mischaracterized the scope of the waiver. And third, the waivers and reservations in the plea agreement were conflicting and convoluted and would have been hard for a lawyer to understand. So, certainly, if he had an ineffective assistance claim, it wouldn't be covered by the waiver. That's express. But, A, you didn't raise that in the opening brief. Excuse me? You didn't raise that in the opening brief at all. We did not raise the waiver argument because we don't know whether the government is going to assert the waiver. And, in fact, let me just finish the statement. In the U.S. Attorney's Manual, it talks about making a decision about whether to assert the waiver on appeal. I see. But I'm sorry, go ahead. Just, and normally we don't hear ineffective assistance claims on direct appeal anyway. That is correct. I think, but in the cases that have involved sentence appeals and ineffectiveness, what has tended to happen is that the Court of Appeals has, the decisions tend to say that if there's a colorable claim of ineffectiveness, then the appropriate response would be to remand the case. One of the reasons that this case is doing it this way is critical, I think, is this is not a case where a defendant got 20 years. This is a case where a defendant got 20 months. Here's something I don't understand about the argument, the relationship between ineffectiveness and waiver. So it seems to me there's two types of ineffectiveness claims. There's one that would say that there was ineffectiveness in connection with negotiating the waiver. And as a consequence of that kind of ineffectiveness, the waiver is no good, because we can always raise ineffectiveness in connection with the waiver. And if there was ineffective assistance of counsel in connection with the waiver, then that means the waiver is not enforceable because the client would have never had a reasonable chance to understand the waiver because he was not effectively advised about it. But I don't think that's the kind of ineffective assistance of counsel claim you're making. You're making an ineffective assistance of counsel claim that doesn't have to do with negotiating the waiver. It has to do with conduct of sentencing. And as to that, there's no reason why you should wait for assertion of the waiver to raise that kind of ineffectiveness claim, because that's a claim that you're going to raise anyway. It doesn't have to do with getting around the waiver. That's just that counsel was ineffective at sentencing. And it's true that the way this waiver is framed, it allows you to raise ineffectiveness claims on appeal. The waiver just doesn't cover ineffectiveness claims by its terms. But I think usually when you're allowed to raise a claim on appeal, you're supposed to raise it in your opening brief. And this isn't the type of argument, again, that you had to wait to see whether there was a waiver asserted, because this ineffectiveness claim doesn't have anything to do with waiver. Judge Srinivasan, it does, in fact. If you look at the plea colloquy, the judge said to counsel, it isn't clear to me whether you are waiving the right to appeal if I imply the enhancements. And in response to that, defense counsel asked for a brief off-the-record discussion with the prosecutor about whether that was the case, came back and said, yes, we agree that we are waiving any appeal as to your application of the guidelines. He didn't talk to Mr. Powers about that. If counsel had to discuss that issue with the prosecutor before answering the judge's question, then that certainly raises a question about whether he properly advised Mr. Powers, because he never asked again to speak. Maybe I'm missing something. I don't understand that point, because the ineffectiveness of counsel claim you're making, I think, is that counsel should have brought several cases to the attention of the district court, because if the district court would have understood those cases, the district court would have applied the guidelines differently, right? That argument, it just seems to me, the waiver doesn't stop you from making that argument. That argument just can't be made on appeal, because the waiver doesn't cover ineffectiveness of counsel claim. By its terms, it doesn't. So I don't understand the reason you would not have made that argument in your opening brief, because nothing about the waiver stopped you from making that argument in your opening brief. It doesn't cross with the waiver. I guess, again, my understanding of how because I looked at the cases that have dealt with this issue and, again, looked at the U.S. Attorney's Manual, the waiver only becomes an issue once it's actually raised. So I agree with you on that. The waiver only becomes an issue when it's raised. I guess my point is this, that this ineffective assistance of counsel claim you're making, it doesn't matter whether the waiver is raised or not, because you could make that argument. Nothing about the waiver would stop you from making that argument. That argument could have been made in your opening brief, and it has nothing to do with the waiver because the way the waiver was framed, it just allows you to make an effectiveness claim. You were always free to make it, but it wasn't made in the opening brief, and typically that's the type of argument when it's not made in the opening brief that we deem to have been relinquished. On the other hand, the argument, the whole argument of the opening brief was that the judge did not see, imposed a sentence that was disparate because the evidence wasn't there. That almost underscores the point. Given that you were focusing on the very question that the reply brief says the district defense counsel and the district court pressed ineffectively, it would have made perfect sense had you decided that that was a colorable claim to raise that in the opening brief. It's there, as you say, on its merits. It's not there through the lens of ineffectiveness, and I think the question we have is why wouldn't that be forfeit? Again, I guess my inclination, having done a lot of these cases, is it's almost never raised before the appeal, the ineffectiveness claim. No, no. In the opening brief. I'm sorry. In your opening brief. I understand that. On appeal. And we've had those where someone has raised ineffectiveness on direct appeal and we, where we think there is a question of it, we've remanded to the district court. So it can come up, but it comes up in a direct appeal when new counsel is looking at the record and preparing for the appeal and says, oh, my gosh, this is a mess on some question to the extent that I think there's an effectiveness claim. And all of those materials were available to you at the time of the opening brief. They, as the colloquy has been highlighting, are not included in the appeal waiver. So I take your argument that your response to the appeal waiver with respect to other issues is not due until the government has asserted it. But this is an issue in a different box. And I have to plead guilty to that, Judge. But, again, I'm looking at this case in terms of this was a 20-month sentence, not a 20-year sentence. And the time usually required to litigate an ineffectiveness claim would be years, not months. And so I'm sorry. I have short-circuited the process, and that's on me. You're into rebuttal time. Excuse me? I said you're into your rebuttal time. I'm having trouble hearing. Oh, I'm sorry. We have this new system. I thought everybody could hear us now. I was just saying you're into your rebuttal time. Do you want to save it? Yes, I would like to. Great. Good morning, Your Honors. May it please the Court. My name is Rachel Herron on behalf of the United States. This Court should dismiss this appeal because the defendant waived every argument that was presented in the opening brief by the explicit terms of the plea agreement below. To the extent this Court nonetheless reaches the merits of the claims that were raised, we believe that this Court should affirm the below-guideline sentence for the reasons in the opening brief. Unless there's somewhere else that Your Honors would like to start, I wanted to respond to just a few points that were made by defense counsel this morning. In particular, I heard defense counsel offer three reasons why the appeal waiver should not apply here. And in the first place, I would simply note that in the government's view, because the appeal waiver in this case was explicit, because it came up multiple times in the colloquy, the appropriate place to bring any arguments with regard to the appeal waiver was the opening brief. But even setting that aside, responding to those arguments that only came up in the reply, the first argument that the defense counsel gave this morning— The government could waive the waiver, couldn't it? I believe it could, Your Honor. So why does he have to raise it in the opening brief? I mean, why can't he just wait and see if the government raises it as a defense? Well, I think— I mean, I get your point about ineffective assistance. That's the point Judge Srinivasan was making, but am I right about that or not? Why does he have to raise it in his opening brief, the waiver? Because the government may never waive it for some reason. It's true that the government may not ultimately bring it up. So then he doesn't have to respond until the government does. I think that the better course would be to bring it up. Do we have any cases on this? I'm not aware of ones raising this issue. Maybe this is it, huh? In any event, Your Honor, I don't think that it needs to trouble Your Honors because even if you find that he could bring this challenge to the appeal waiver, only in the reply brief we, I think, can dispense with the arguments that were brought. And, again, this morning the three that I heard were first, that there's an ineffective assistance of counsel claim, and while the government agrees that ineffective assistance claims were not waived by the terms of the appeal waiver, that claim is nonetheless forfeit because it was not raised in the opening brief, and that is one that we think unambiguously did need to be raised in the opening brief in order to be properly raised for this Court's attention. And you also agree that if it would have been raised in the opening brief, that the waiver wouldn't cover it? Yes, that's correct. The second argument that I heard defense counsel make this morning was that there was a mischaracterization in the colloquy that created some ambiguity. The argument that I understood them to be making in the reply brief was that the district court had misstated whether the government was waiving its appeal right. And while it does appear that there may have been some misstatement with regard to that issue, that question, I think, is not relevant to the question before this Court, which is whether the defendant waived his appeal rights. We think the text of the agreement is expressed regarding what appeal rights were being given up, and then at the colloquy itself there were multiple occasions that are pointed out in the brief when the district court judge explained and then obtained Mr. Powers' agreement to precisely what rights he was giving up. So while any confusion as to what the government was waiving may have been relevant if this case was about whether the government could bring an appeal, it's not the question before this Court. And then the third reason that came up in the reply brief and that I heard again raised this morning by defense counsel was the argument that the plea by its terms was confusing. And again, in the reply brief, my understanding of that argument was that because there was a reservation of elocution rights with regard to post-sentence motions, but a waiver with regard to appeal, that that was confusing. However, the reply brief acknowledges that post-sentence phase and the appeal are two separate phases of litigation. There's no inherent conflict between those two provisions of the plea agreement. And to the extent that it is an issue that could be confusing to a layperson, Mr. Powers was represented below, and while there is an ineffective counsel and effective assistance claim belatedly raised with regard to the array of sentencing cases that were presented, the brief never states that Mr. Powers' counsel below did not adequately explain to him what those provisions meant taken together. So for all those reasons, we think that this appeal should be dismissed. The ineffective assistance of claim should not be dealt with by this Court because it's forfeit. Unless your honors have other questions, the government is content to rest on its briefs. Okay. Thank you. How much time did Mr. Becker have? You can take a full minute, Mr. Becker, if you'd like. Thank you, Judge Tatel. On the issue of mischaracterization, I think there are two problems with that. One is the statement that the waiver was mutual. The other happened at the end of the plea colloquy, and the government said that ultimately the judge corrected herself as to the issue of when, whether Mr. Powers could appeal, saying that if she went above the guidelines or the statutory maximum, he could appeal. But then later, after that, she said, you can appeal if I go outside the guidelines that I determine are applicable. And that was at the discussion is at pages 8 and 9 of the transcript. So first she said what was in the plea agreement. Then she said you can appeal if I go outside the guidelines I say are applicable. In fact, she did go outside the guidelines, which was to go below them. But the point is she made two conflicting statements. And this Court has said that in two cases, in Godoy and in Kaufman, that judges have to be pretty clear and concise and accurate in how they state these things or misstatements will invalidate the waivers. So that is the main issue. Mr. Becker, you were appointed by the Court to represent Mr. Powers, and we thank you for your assistance. Thank you very much.
judges: Tatel, Srinivasan, Pillard